Reade, J.
 

 (After stating the facts as above.) By the sale from Shoemaker to Gentile the latter took an equity in the land, and by the sale from Gentile to the plaintiff that equity passed to the latter. And the subsequent release by Gentile to the defendant Shoemaker did not affect the prior equity of the plaintiff of which the defendant Shoemaker had notice.
 

 It does not appear that Gentile ever paid Shoemaker for the land, so that the original price of thirty dollars and interest is still due. It does appear that the. plaintiff paid Gentile for the land, but as Shoemaker has never been paid, he is entitled to be paid by the plaintiff before the latter can call upon him for the title. Whenever, therefore, the plaintiff shall pay the defendant Shoemaker the sum of thirty
 
 *329
 
 dollars, with interest from 20th Feb. 1854, or shall pay the same into court for his benefit, the defendant shall make to the plaintiff a good and sufficient title to the land in controversy.
 

 The objection was taken that the land is not so described in the title bond, as that a specific performance can be decreed. It is true that the description is not very full, but wre think it sufficient.
 

 It is evident that the plaintiff put a false date to the title bond which he took from Gentile; and if this had worked any injury to the defendant Shoemaker, it would have been sufficient to defeat the plaintiff’s claim to the aid of this court in enforcing a specific performance. As it is, we so far discountenance the transaction as to give the plaintiff no cost.
 

 There may be a decree in conformity with this opinion. •
 

 Per Curiam.
 

 Decree for the plaintiff.